(No. 36103.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES R. WALKER, Plaintiff in Error.

*Opinion filed September 27, 1963.*

HOWARD G. KRANE, and MELVIN R. GOLDMAN, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

By writ of error James R. Walker has sought reversal of his conviction following a bench trial in the criminal court of Cook County, on a charge of obtaining money by means of the confidence game. He was sentenced to imprisonment for a term of one to three years.

Defendant's uncontroverted testimony is that he was employed by H. E. Cross during March and April of 1959 in the repair of two apartment buildings in Chicago. His employment had resulted from the recommendation of a minister for whom defendant had done some work, and was approved by defendant's parole officer. Defendant's wages were paid him by check, the first of which was

signed by Cross and drawn on the University National Bank. Defendant cashed it without difficulty after first showing it to his parole officer. The second check was obtained from Cross, payable to defendant, drawn on an account in the same bank in the name of Continental Credit Service of which the sole owner was Cross. This check was presented by defendant to Leonard Potter, (a woman), the cashier at the Regal Currency Exchange on April 5, 1959. She testified that she did not question Walker about the check, but immediately cashed it, relying on his credit-identification card in the exchange files which she had prepared when she cashed a small check for him about a month or two earlier. She also stated she knew defendant and had done business with his family on numerous occasions. The check was not paid upon presentation at the bank and it was stipulated that the bank records would show the account on which this check was drawn had been closed March 21, 1958. More than six months later defendant was arrested at the filling station where he was working, placed in a lineup and identified by Leonard Potter. A police officer testified that defendant "denied he ever cashed the check" when he was pointed out by Mrs. Potter.

Defendant stated that he believed the check to be valid and had no intention of obtaining any money by the confidence game when he cashed it. On cross-examination he testified the other check he received from Cross was drawn on the same bank, and had been cashed by him "across of the City Hall Building or the Federal Building." During a colloquy between the court, counsel, Mrs. Potter and defendant following the court's announcement that he was finding defendant guilty, defendant stated he had not denied cashing the check in question at the lineup, but had been accused of cashing a large number of checks as a member of a check-cashing ring, and had denied that accusation. Further discussion regarding the buildings where

defendant said he worked resulted in a statement by Mrs. Potter that the buildings had been torn down at the time defendant claimed to have been repairing them. The assistant State's Attorney then stated he knew the property had not been torn down at that time. The court requested that the State's Attorney call the bank on which the checks were drawn and see if an "H. E. Cross was connected with the bank," and suggested to defense counsel that the case be set over a few days, but counsel replied, "Judge, I suppose you can dispose of it now." There followed an off-the-record conference at the conclusion of which sentence was imposed. It is undisputed that defendant had a number of prior felony convictions.

The reversal of this conviction is urged on the basis that there is no proof that defendant intended to defraud, or that the check was a false or bogus check, or that defendant obtained complainant's confidence, fraudulently or otherwise.

In our opinion only the first of these contentions need be considered. It is clear from a reading of the decisions of this court construing the confidence game statute that one of the factors essential to a conviction thereunder is proof of knowledge by defendant that the check was worthless. (*Pierce* v. *People,* 81 Ill. 98; *People* v. *Burley,* 357 Ill. 584; *People* v. *Chronister,* 379 Ill. 617.) The cases cited by the State, *People* v. *Massie,* 311 Ill. 319; *People* v. *Shaw,* 300 Ill. 451; *People* v. *Mutchler,* 309 Ill. 207, all involve factual situations establishing defendant's awareness of the falsity of the documents he was using or statements he was making. The State would have us infer such knowledge from defendant's denial at the police station that he cashed the check. Defendant says he did not deny cashing this specific check, but did deny cashing numerous checks as a member of an organized check-cashing ring. The State argues defendant lied on the witness stand when he said the first check given him by Cross was drawn on the

same account at the same bank. While it is clear that defendant testified the two checks were drawn on the same bank, we do not find the same clarity as to whether they were drawn on the same account. Likewise, we note that the stipulation as to the closed account covers only the account of Continental Credit Service.

In view of all of the circumstances here existing, we cannot say that the defendant's knowledge of the worthlessness of the check was established beyond a reasonable doubt. (*People* v. *West,* 406 Ill. 249.) The judgment of the criminal court of Cook County is therefore reversed.

*Judgment reversed.*